338

In the Matter of Joseph H. RIEDL, Bankrupt.

A. K. MOSE, Trustee in Bankruptcy for Joseph H. Riedl, Appellant,

v.

O. M. SCOTT & SONS COMPANY and O. M. Scott Credit Corporation, Appellees.

No. 14629.

United States Court of Appeals Seventh Circuit.

Nov. 24, 1964.

Ralph G. Scheu, Chicago, Ill., for appellant.

Charles V. Kralovec, Ross, Kralovec, Sweeney & Marquard, Chicago, Ill., for O. M. Scott & Sons Company and O. M. Scott Credit Corporation, appellees. Glenn H. Prohaska, Chicago, Ill., Thomas A. Rothwell, of counsel.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Joseph H. Riedl was engaged in the state of Illinois as a sole proprietor in operating a nursery business known as

Joe's Garden Spot. From time to time, he purchased products of O. M. Scott & Sons Company (Scott) for resale to the public. The orders signed by Riedl contained integrated trust receipt agreements by the parties.

The first trust agreement between Riedl and Scott was dated March 28, 1959. It was filed with the Illinois Secretary of State on April 1, 1959. A further trust receipt agreement was executed by the parties on November 19, 1959, and was filed with the Secretary of State on December 7, 1959. An affidavit of renewal was filed with the Secretary of State on October 5, 1960. On November 2, 1960, a trust receipt agreement was executed by the parties and was not filed with the Secretary of State until October 24, 1961.

Riedl received his last shipment from Scott prior to August 22, 1961. This shipment was made pursuant to Riedl's last order from Scott dated June 28, 1961.

On November 13, 1961, Riedl's attorney wrote to Scott suggesting a composition of his debt to Scott. On November 16, 1961 Scott telegraphed Riedl that the trust receipt financing arrangement was terminated, and that Scott intended, on November 17, 1961, to repossess all Scott products located on Riedl's premises.

On November 17, 1961, which was within four months of the commencement of the bankruptcy proceedings, Scott repossessed merchandise which it had sold to bankrupt and which had a wholesale value of $11,905.50. The Riedl debt to Scott covered by such trust receipt financing was approximately $1800 in excess of such value.

On March 9, 1962, Riedl filed a petition in bankruptcy and on March 28, 1962, at the first meeting of creditors, A. K. Mose was appointed and qualified as trustee.

Scott's filing with the Secretary of State lapsed for a nineteen day period which occurred between the expiration of its renewal of trust receipt financing on October 5, 1961, and the filing of its statement of trust receipt financing on October 24, 1961. However, there is no evidence that any creditor of bankrupt extended credit to him between October 5, 1961 and October 24, 1961 in reliance upon an inventory of Scott's products in Riedl's possession.

The trustee contends that when Scott took back the merchandise from the bankrupt, with knowledge of the insolvency of the bankrupt, and within four months of the commencement of the bankruptcy proceedings, such taking was a voidable preference under Section 60 of the Bankruptcy Act. The fundamental issue to be decided here is whether Scott had a valid lien on the goods which it repossessed on November 17, 1961, as against the trustee in bankruptcy.

Many states, including Illinois, have adopted the Uniform Trust Receipt Act, Ill.Rev.Stat. Ch. 121½, Sections 166–187 (Repealed July 1, 1962). The avowed purpose of the Act was to fortify the position of the secured creditor. In Commercial Credit Corp. v. Horam, 325 Ill.App. 625, 628, 60 N.E.2d 763, 764, the Court indicated the purpose of the Act was to "facilitate the financing of sales and other transactions and to afford the 'lender every conceivable protection in handling trust receipt and pledge transactions, so that the use of these security devices may be increased.' "

The Illinois statute permits the entruster or creditor to file notice of his lien, but this provision is not mandatory. The filing has no effect on the relationship between the entruster and the debtor. Under the statute, if an entruster does not file his notice as authorized by the statute, it does not defeat his security interest. The risk he takes is that any person extending credit during the interval before the notice is filed, may obtain a lien superior to his. The lien between the entruster and debtor once perfected by the execution of the trust agreement is not extinguished by a late filing.

In this case, it is established that for every delivery of goods from Scott,

bankrupt signed separate orders which contained the same language as the original trust agreement. From the date of the first agreement, Scott had a valid lien against Riedl. The filing of the trust receipt agreements merely protected Scott from other creditors of Riedl.

█ In this case we are bound by Illinois law. The Supreme Court of Illinois in Donn v. Auto Dealers Investment Company, 385 Ill. 211, 52 N.E.2d 695 (1944) discussed the filing provisions of the Act. The Court said, at page 217, 52 N.E.2d at page 696: "These provisions of the act indicate that the thing which vests in the entruster a security interest in the goods acquired by the trustee is the trust receipt transaction *and not the filing of the statement with the Secretary of State.*" (Emphasis supplied).

█ Until October 5, 1961, Scott's interest in the merchandise was perfected. He had exercised the statutory permission to file a statement with the Secretary of State. However, the expiration of Scott's affidavit of renewal did not cause Scott's security interest to become imperfect. A subsequent creditor might have acquired a superior lien to Scott, but did not do so.

Had the petition in bankruptcy been filed between October 5, 1961 and October 24, 1961, the security interest of Scott might well have become imperfect against the trustee in bankruptcy. However, since no intervening creditors of the bankrupt came into existence between October 5 and October 24, 1961, there is no class of creditors with lien rights which are superior to Scott.

As to the trustee's claim of voidable preference, we hold the repossession of the goods by Scott under the facts of this case, was not a voidable preference although such taking was within four months of the date of bankruptcy.

The judgment of the District Court refusing the motion of the trustee for a turnover order was correct.

Judgment affirmed.